McCLUNG, BUFFAT & BUCKWELL *v.* QUINCY CARRIAGE
and WAGON CO. et al.

(*Knoxville.*    September Term, 1906.)

**MORTGAGES.**    After-acquired property covered by, when.
A corporation, after leasing certain premises, but before its build-
ings to be used as a carriage and wagon factory had been com-
pleted, executed a deed of trust embracing the leasehold "and
all buildings and improvements" on the lot "which will be put
thereon" by the mortgagor during the term of the lease, to-
gether with all other tools not specifically named used in its
factory, and all the factory buildings and machinery. It was in-
sisted by the receiver of said corporation which had become in-
solvent that the operation of the mortgage must be confined to
the machinery in use at the date of the execution, of the mort-
gage, and did not extend to certain machinery purchased
and placed on the leased premises with the understanding and
purpose that it should become integral parts and necessary ad-
juncts of the manufacturing plant. **Held:** That the mortgage
covered said after-acquired machinery and a boiler firmly set
in the ground and used as a part of the manufacturing plant.

FROM KNOX.

Appeal from the Chancery Court of Knox County.—
JOSEPH W. SNEED, Chancellor.

JOHN W. GREEN, for complainants.

SHIELDS, CATES & MOUNTCASTLE, for defendant City National Bank.

———

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The only question presented on this appeal is whether certain after-acquired property is embraced within the description and intendment of a certain mortgage or deed of trust. The original bill in this case was filed as general creditors' bill for the purpose of winding up the Quincy Carriage & Wagon Company as an insolvent corporation.

The question of law propounded on the record arises on the petition of the City National Bank, filed in said cause, wherein it avers that said bank is the owner and holder of a note for $1,500, executed by the Quincy Carriage & Wagon Company to Mrs. Sarah E. Kirby, and by her transferred to said bank; that the note in question was secured by deed of trust, wherein it conveyed:

(1) "A leasehold for the term of five years, with a privilege of ten years, on lot No. 11, in John L. Hardee's subdivision of Sneed, King & Co.'s addition to Knoxville, situated at the northwest corner of Vine and State streets, and all the buildings and improvements on said lot of ground which will be put thereon by said first party during the term of said lease. And in case of foreclosure of this mortgage, all the rights, privileges and conditions contained in said lease shall inure to the benefit of said second party."

(2) "Also all the personal property, fixtures, and machinery belonging to said first party, and which is used by it in the repairing and construction of hacks, wagons, and other vehicles, some of which are specifically described, . . . and all other tools not specifically named, owned by said first party and used in its manufactory. Also the old frame building now on lot No. 10 in Hardee's addition. Also all its rights, franchises, lots, ground, factory buildings and machinery."

This trust deed was executed by the Quincy Carriage & Wagon Company to Mrs. Kirby on the 20th day of December, 1897. The court of chancery appeals finds that when the trust deed was executed December 20, 1897, the building was in process of construction and had not been completed.

It further appears that under the execution of this deed of trust the Quincy Carriage & Wagon Company purchased certain machinery for use in its business and erected it upon said leasehold as follows:

(1) A new boiler which was set in a brick and mortar foundation, which the court of chancery appeals finds was intended to remain there as a part of the fixtures on said property until the termination of the lease of the Quincy Carriage & Wagon Company. This boiler was purchased in June, 1901, as found by the court of chancery appeals.

(2) One cold tire shrinker, a piece of machinery weighing from 5,000 to 6,000 pounds, was purchased for the use of said company in its repairing and construc-

McClung v. Carriage & Wagon Co.

tion of hacks, wagons, and other vehicles. It was erected on said leasehold by burying heavy timbers in the ground and bolting said machine to such timbers with the intention and purpose of fastening it to the leasehold and permitting the same to remain there and be used in the company's business during the continuance of said lease upon said property, as found by the court of chancery appeals. This cold tire shrinker was purchased by the company in May, 1900.

(3) In October, 1902, the company purchased one tire bolt threader and nut tapper which was permanently fastened to said leasehold by burying heavy timbers in the ground and bolting said machine to said timbers. It was purchased to be used in the business of the Quincy Carriage & Wagon Company, and was placed as a fixture upon said leasehold during the continuance of said lease, as found by the court of chancery appeals.

(4) In December, 1900, the said Quincy Carriage & Wagon Company purchased one dash machine for use in its business and which was permanently fixed to the building for use in the company's business, as found by the court of chancery appeals.

The contention made on behalf of the City National Bank is that all of this after-acquired machinery became a part of the permanent improvements and fixtures, and passed under the mortgage or deed of trust executed to Mrs. Sarah E. Kirby on the 20th of December, 1897, and which has inured to the benefit of said bank by reason

of its purchase of the note for the security of which the deed of trust in question was executed.

The court of chancery appeals further finds that at the time the lease was executed the land was leased and understood to be leased for the purpose of erecting and maintaining thereon a carriage and wagon factory in which it would be necessary to erect and operate heavy machinery of the character above described.

It further finds that at the time the deed of trust was executed it was also the understanding of the parties that the building was to be conducted as a carriage and wagon factory. The machinery in question, about which the dispute arises, was purchased and placed on this lot with the understanding and purpose that it should become integral parts of and necessary adjuncts to the manufacturing plant. That court was of opinion, in view of the facts found, that said machinery, although acquired after the execution of the deed of trust, nevertheless passed under it as security to the transferee of the note the deed of trust was designed to secure.

The receiver appealed from the decree of the court of chancery appeals, and insists that court erred in decreeing that the City National Bank is entitled to the boiler, cold tire shrinker, nut threader, and dash machine, and in holding that said articles were covered by the deed of trust and passed to the holder of the note secured by said deed of trust.

We are of opinion that the decrees of the chancellor and court of chancery appeals were both correct. As

found by the court of chancery appeals, when said trust deed was executed, the Quincy Carriage & Wagon Company had not completed its buildings on said leasehold or erected its machinery thereon, but the manufacturing plant was in process of construction. Now, when we look to the description of the property intended to be covered and conveyed by the deed of trust, we find that it embraces the leasehold, "and all buildings and improvements on said lot of ground which will be put thereon by said first party during the term of said lease." It is insisted on behalf of the appellants that the term "improvements" refers to buildings and not to machinery. It is said that the clause just quoted was intended to cover the shops, sheds, buildings, and other like improvements, but it will be observed that both terms are used in this description, viz., buildings and improvements.

The court of chancery appeals has found that this heavy machinery was annexed to the leasehold to remain during the continuance of the lease, and such fixtures might well be termed improvements in the sense of this deed of trust; but the instrument further embraces "all personal property, fixtures, and machinery belonging to said first party, and which is used by it," etc., in its business. It is insisted on behalf of appellants that this language confines the machinery conveyed to that in use at the date of the execution of the mortgage. We are of opinion, however, that this is too restricted a construction, and that the language is broad enough to cover any

machinery used by said company on the leasehold during its continuance. This is evident from subsequent clauses: "And all other tools not specifically named owned by said first party and used in its manufactory," and "also all its rights, franchises, lots, ground, factory buildings and machinery."

Viewing the entire instrument, and giving effect to all of its terms, it is our opinion that the Quincy Carriage & Wagon Company intended to embrace in said instrument all machinery purchased by it and used in its business during the continuance of the lease. We fully concur in the construction placed on this instrument by the court of chancery appeals, and the result is the decree is affirmed.